UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| James Irving Dale, | Civil No.: 18-cv-00886 (DWF/DTS) |
| Plaintiff, | |
| vs. | |
| Tom Roy, Kathryn Halvorson, Nola Karow, Nanette Larson, Michelle Jaeckels, Jeffery Haffely, (first name unknown) Dahlen, Centurion of Minnesota LLC, David A. Paulson, (first name unknown) Blanchard, Darrin Haugland, Doctor (first name unknown) Felt, Anagram International, Heather Hanson, (first name unknown) Ottman, Unknown Department of Corrections Employees, Unknown MINNCOR Employees, Unknown Centurion of Minnesota LLC employees, Unknown Anagram International employees, | **REPLY IN SUPPORT OF JOINDER OF DEFENDANTS CENTURION OF MINNESOTA, LLC, DARIN HAUGLAND, P.T., AND JEFFREY FELT, M.D. TO THE STATE DEFENDANTS' MOTION TO DISMISS** |
| Defendants. | |

Defendants Centurion of Minnesota, LLC, Darin Haugland, P.T. (listed as "Darrin Haugland"), and Jeffrey Felt, M.D. (listed as "Doctor (first name unknown) Felt") (collectively "Centurion Defendants") submit this reply memorandum in further support of their Joinder to the State Defendants' Motion to Dismiss,[1] which seeks dismissal of Plaintiff's request for a declaratory judgment and Plaintiff's claims under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA").

---

[1] The State Defendants' Motion to Dismiss was filed on August 1, 2018 (ECF No. 21); and the Centurion Defendants' Joinder was filed on August 7, 2018 (ECF No. 40).

## I.  Plaintiff's Request For Declaratory Judgment Should Be Dismissed

In his opposition, Plaintiff advises that he was arrested on October 9, 2018. ECF No. 69, at 24.[2] Plaintiff argues that he will likely be subject to the inadequate medical care alleged in the Complaint now that he is back in custody. *Id.*

It appears that Plaintiff was arrested by Adult Field Services (probation) on October 9, 2018 and is being held at the Hennepin County Jail, a non-DOC facility.[3] Centurion is a private corporation that entered into a contract with the DOC to provide health care services to inmates at each DOC correctional facility. Plaintiff does not claim that he will be transferred to a DOC facility, particularly one at which Haugland or Felt provide health care services.

Plaintiff's request for a declaratory judgment is moot because he is no longer incarcerated in a DOC facility and his medical care is no longer provided by the Centurion Defendants. *Preiser v. Newkirk*, 422 U.S. 395, 402 (1975) (requiring plaintiff's criticisms of medical care to be "of sufficient immediacy and reality to warrant the issuance of a declaratory judgment"); *Beaulieu v. Ludeman*, 690 F.3d 1017, 1024 (8th Cir. 2012) ("In general, a pending claim for injunctive relief becomes moot when the challenged conduct ceases and there is no reasonable expectation that the wrong will be

---

[2] In response to the Centurion Defendants' Joinder, Plaintiff adopted the arguments against dismissal set forth in Plaintiff's Opposition to State Defendants' Motion to Dismiss. *See generally* ECF No. 70.

[3] *See* Minn. Dep't of Corr., Offender Locator, *available at*: https://coms.doc.state.mn.us/publicviewer/OffenderDetails/Index/127206/Search (last visited Oct. 17, 2018); *see also* Hennepin County, Sheriff's Jail Roster – Charge Details, *available at*: https://www4.co.hennepin.mn.us/webbooking/chargedetail.asp?v_booknum=2018024756 (last visited Oct. 17, 2018).

repeated.") (citation omitted). Consequently, the Court should dismiss Plaintiff's request for a declaratory judgment as it relates to the Centurion Defendants.

## II. Plaintiff's Claims Under The ADA And RA Should Be Dismissed

First, as Plaintiff concedes, ADA and RA claims may be brought against the defendants only in their official capacities, and not in their individual capacities.[4] ECF No. 69, at 26; ECF No. 70, at 2; *Maday v. Dooley*, No. 4:17-cv-4168, 2018 WL 522319, at *7 (D. S.D. Jan. 22, 2018) (summarizing Eighth Circuit cases holding there is no liability for individuals under Title II of the ADA).[5] Plaintiff further concedes he cannot recover monetary damages against the defendants in their official capacities. ECF No. 69, at 23; *Maday*, 2018 WL 522319, at *8 (recognizing plaintiff cannot receive money damages on ADA claims, but may only seek injunctive and declaratory relief against defendants in their official capacities).

While Plaintiff may request declaratory relief for any alleged ADA or RA violations from the defendants in their official capacities, Plaintiff's claim is moot. As noted above, Plaintiff is no longer incarcerated in a DOC facility and his medical care is no longer provided by the Centurion Defendants. *Beaulieu*, 690 F.3d at 1024 (explaining

---

[4] The Centurion Defendants also dispute that Plaintiff may raise claims under the ADA and RA against them in an official capacity. *See O'Connor v. Metro Ride, Inc.*, 87 F. Supp. 2d 894, 900 (D. Minn. 2000) (determining that a private company may not be a "public entity" under Title II of the ADA even when that private company contracts with a government to perform traditional and essential governmental functions).

[5] "The ADA and § 504 of the Rehabilitation Act are 'similar in substance' and, with the exception of the Rehabilitation Act's federal funding requirement, 'cases interpreting either are applicable and interchangeable' for analytical purposes." *Randolph v. Rodgers*, 170 F.3d 850, 858 (8th Cir. 1999).

a claim for injunctive relief becomes moot when there is no reasonable expectation that the alleged wrongful conduct will be repeated).

Because Plaintiff's request for declaratory relief is moot, because Plaintiff cannot recover money damages against the Centurion Defendants in an official capacity, and because there is no individual liability for ADA or RA violations, the Court should dismiss Plaintiff's ADA and RA claims against the Centurion Defendants.

Second, claims based on medical treatment decisions—including claims that a defendant failed to properly diagnose or care for a condition—cannot form the basis of claims under the ADA or RA. *Dinkins v. Corr. Med. Servs.*, 743 F.3d 633, 634 (8th Cir. 2014). Plaintiff argues that the defendants have mischaracterized the nature of his claims as challenging medical treatment decisions. ECF No. 69, at 27. Plaintiff asserts that his ADA and RA claims are based on allegations that: (1) he was prevented from bringing food to recreation; (2) he is required to stand at his prison job, (3) he was not provided necessary medical shoes, and (4) he was unable to utilize his orthotic insoles. *Id*.

Any allegations that Plaintiff did not receive specific medical shoes or orthotic insoles are disagreements with medical treatment decisions, which cannot form the basis of claims under the ADA or RA. *See, e.g., Dulany v. Carnahan*, 132 F.3d 1234, 1242-43 (8th Cir. 1997) (considering allegation that plaintiff had problem obtaining necessary medical supplies under a deliberate indifference claim, rather than an ADA claim). If there truly are no medical claims at issue in this case, then the Centurion Defendants should be dismissed from the case in its entirety, as they are not DOC employees and are not capable of setting prison policy.

To the extent Plaintiff is challenging the prison's general policies or customs, Plaintiff has failed to allege that the Centurion Defendants were involved in creating or enforcing such policies or customs. Plaintiff has not alleged that the Centurion Defendants excluded him from participating in, or denied him benefits of, a service, program, or activity. Nor has Plaintiff alleged that the Centurion Defendants failed to accommodate him or that they discriminated against him on the basis of a disability. More specifically, Plaintiff does not allege that the Centurion Defendants were involved in the decisions to deny him food during recreation or to require that Plaintiff stand at his prison job. The only allegations concerning the Centurion Defendants are that Plaintiff received poor medical treatment. Because medical treatment decisions cannot form the basis of a claim under the ADA or RA, the Court should dismiss the ADA and RA claims against the Centurion Defendants.

## CONCLUSION

As discussed above, and in the Centurion Defendants' Joinder, the Court should dismiss Plaintiff's request for a declaratory judgment and Plaintiff's claims under the ADA and RA as they relate to the Centurion Defendants.

Date: <u>October 19, 2018</u>  **LARSON • KING, LLP**

By: <u>s/Anthony J. Novak          </u>
Mark A. Solheim (213226)
Anthony J. Novak (351106)
2800 Wells Fargo Place
30 E. Seventh Street
St. Paul, MN  55101
Tel:  (651) 312-6500
Fax:  (651) 312-6618

msolheim@larsonking.com
tnovak@larsonking.com

***Attorneys for Defendants Centurion of Minnesota, LLC, Darin Haugland, P.T., and Jeffrey Felt, M.D.***