UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| James Irving Dale, | Civil File No. 18-cv-886 (NEB/DTS) |
| Plaintiff, | |
| vs. | **DEFENDANTS TOM ROY AND KATHRYN HALVORSON'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS** |
| Tom Roy, et al., | |
| Defendants. | |

## INTRODUCTION

Defendants Tom Roy and Kathryn Halvorson submit this memorandum in support of their motion to dismiss. In his Amended Complaint (Doc. 80), Plaintiff alleges that a variety of Defendants, including Commissioner Roy and Warden Halvorson, were deliberately indifferent to his serious medical needs. However, neither Commissioner Roy nor Warden Halvorson made decisions regarding Plaintiff's medical treatment. Because no clearly established law requires administrators such as Commissioner Roy or Warden Halvorson to second-guess the treatment decisions of medical practitioners, they are entitled to qualified immunity and their motion to dismiss should be granted.

## FACTUAL BACKGROUND

Plaintiff is an offender who was previously incarcerated by the Minnesota Department of Corrections. (Doc. 80 ¶2.) Defendant Tom Roy is the Commissioner of the DOC. (*Id.* ¶4.) Plaintiff arrived at the Minnesota Correctional Facility in St. Cloud ("MCF-SCL") on February 2, 2017, where he received a medical screening and initial

medical checkup. (*Id.* ¶18.) During the intake medical screening and checkup, Plaintiff informed medical practitioners he had Hepatitis C (hereinafter "HCV"). (*Id.* ¶¶20, 21.) Plaintiff also alleges that he requested orthotic insoles and medical shoes during his initial screening. (*Id.* ¶45.)

Plaintiff makes limited allegations regarding moving Defendants' purported actions in this case:

1. Tom Roy is the Commissioner of the DOC. (*Id.* ¶4.)

2. Kathryn Halvorson is the Warden of MCF-FRB, where Plaintiff was transferred on February 22, 2017. (*Id.* ¶¶7, 19.)

3. Plaintiff filed "an administrative remedy" with Warden Halvorson "requesting an appointment with a hepatologist and treatment for his HCV infection." (*Id.* ¶38.)

4. An individual responded on behalf of Warden Halvorson and "denied" the grievance pursuant to the DOC's HCV treatment guidelines. (*Id.* ¶39.)

5. Plaintiff filed an "administrative remedy" with Commissioner Roy in late April or May 2017 requesting the same. (*Id.* ¶40.)

6. Defendant Nanette Larson answered on Commissioner Roy's behalf, denying the appeal. (*Id.* ¶41.)[1]

7. Commissioner Roy and Warden Halvorson "had actual knowledge" of guidance published by two physicians' groups regarding "the standard of care" for HCV. (*Id.* ¶27.)

8. Plaintiff submitted a grievance complaining that he had not been allowed to bid out of his work job, which he claimed was causing a repetitive motion injury to his wrist and thumb. (*Id.* ¶103.)

---

[1] Defendant Larson has filed an Answer to the Amended Complaint.

9. Defendant Nola Karow answered the grievance on Warden Halvorson's behalf. (*Id.* ¶104.)[2]

10. Plaintiff subsequently submitted another grievance about his job in November 2017. (*Id.* ¶107).

11. As before, Defendant Nola Karow responded on Warden Halvorson's behalf. (*Id.* ¶108.)

Plaintiff alleges that he had multiple appointments with medical practitioners regarding his various medical concerns. (*Id.* ¶¶18, 20-21, 24, 30, 43, 45, 47, 48, 49-50, 51-53, 54, 69, 74-75, 81-82, 87, 93, 106.) However, Plaintiff does not allege that either Commissioner Roy or Warden Halvorson are medical professionals or have the qualifications to assess his medical needs, prescribe him medication for his HCV, or identify medical restrictions. (*See generally id.*)

## STANDARD ON MOTION TO DISMISS

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a motion to dismiss for failure to state a claim must be granted where the complaint does not allege "enough facts to state a claim to relief that is plausible on its face" rather than merely "conceivable." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 50 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). "Courts must accept a plaintiff's specific factual allegations as true but are not required to accept a plaintiff's legal conclusions." *Brown v. Medtronic, Inc.*, 628 F.3d 451, 459 (8th Cir. 2010) (quoting *Twombly*, 550 U.S. at 556). "A pleading need not include 'detailed factual allegations,'

---

[2] Defendant Nola Karow has filed an Answer to the Amended Complaint.

but it is not sufficient to tender 'naked assertion[s]' that are 'devoid of further factual enhancement.'" *Zink v. Lombardi*, 783 F.3d 1089 (8th Cir. 2015) (per curiam) (en banc) (quoting *Iqbal*, 556 U.S. at 678). In addition, "Rule 12(b)(6) authorized a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).

A complaint containing civil rights violations "must 'at least set forth minimal facts, not subjective characterizations, as to who did what to whom and why.'" *Tonn v. United States*, 847 F. Supp. 711, 716 (D. Minn. 1993) (quotations omitted), *aff'd sub. nom. Tonn v. Forsberg*, 27 F.3d 1356 (8th Cir. 1994). Plaintiff's Complaint fails to set forth sufficient facts to support his claims against Commissioner Roy or Warden Halvorson. His pleading therefore falls short of "the minimum standards upon which a claim of denial of constitutional rights must rest." *Anderson v. Sixth Judicial Dist. Court*, 521 F.2d 420, 421 (8th Cir. 1975).

## ARGUMENT

Plaintiff has failed to allege facts sufficient to overcome Commissioner Roy and Warden Halvorson's assertion of qualified immunity. "Qualified immunity shields government officials from liability in a section 1983 action unless the official's conduct violates a clearly established constitutional or statutory right of which a reasonable person would have known." *Johnson v. Carroll*, 658 F.3d 819, 825 (8th Cir. 2011) (quotation omitted). Qualified immunity claims should be resolved "at the earliest possible stage of litigation" to give effect to the policies underlying the qualified-immunity doctrine. *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (per curium).

4

"A Rule 12(b)(6) dismissal based on qualified immunity is appropriate when the immunity is established on the face of the complaint." *Dornheim v. Sholes*, 430 F.3d 919, 926 (8th Cir. 2005) (quotation omitted); *accord Bradford v. Huckabee*, 394 F.3d 1012, 1015 (8th Cir. 2005); *Hafley v. Lohman*, 90 F.3d 264, 266 (8th Cir. 1996).

The Eighth Circuit has held that a court "must dismiss a complaint against a government official in his individual capacity that fails to state a claim for violation of 'clearly established statutory or constitutional rights or which a reasonable person would have known.'" *Hager v. Ark Dep't of Health*, 735 F.3d 1009, 1013 (8th Cir. 2013) (internal citation omitted). A right is "clearly established if the contour of the right are such that a reasonable official would understand that what he or she is doing violates that right." *Morris v. Clifford*, 903 F.2d 574, 576 (8th Cir. 1994). Commissioner Roy and Warden Halvorson are entitled to qualified immunity because their alleged conduct did not violate clearly established constitutional rights of which a reasonable person would have known. *Buckley v. Fitzsimmons*, 509 U.S. 259, 268 (1993).

**I. COMMISSIONER ROY IS ENTITLED TO QUALIFIED IMMUNITY BECAUSE NO CLEARLY ESTABLISHED CASE LAW REQUIRES HIS INTERVENTION INTO THE MEDICAL DECISIONS MADE BY MEDICAL PERSONNEL.**

Plaintiff alleges that Commissioner Roy violated Plaintiff's Eighth Amendment rights by being deliberately indifferent to his HCV. (Doc. 80 ¶¶109-113.) However, Plaintiff cannot maintain a claim against the Commissioner simply because he is the DOC's head official. *See Iqbal*, 556 U.S. at 676; *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) ("[A] general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability.").

5

"Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Iqbal*, 556 U.S. at 676; *see also Ambrose v. Young*, 474 F.3d 1070, 1079 (8th Cir. 2007) (holding that an official "may not be liable under § 1983 for the constitutional violations of a subordinate on a respondeat superior theory").  The Amended Complaint is replete with allegations that medical decisions were made by medical personnel; however, is devoid of a single allegation that Commissioner Roy made any decisions about Plaintiff's request for HCV medication.  (Doc. 80 ¶¶20-43.)

Indeed, as an administrator, Commissioner Roy is not responsible for medical staff's medical treatment decisions.  *Meloy v. Bachmeier*, 302 F.3d 845, 849 (8th Cir. 2002); *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995) (holding that prison officials who lacked medical expertise could not be liable for medical staff's decision not to refer a prisoner to a doctor).  The law does not impose on Commissioner Roy a responsibility to second guess the medical determinations made by trained medical staff.  *Meloy*, 302 F.3d at 849 ("The law does not clearly require an administrator with less medical training to second-guess or disregard" medical practitioners'' treatment decisions.); *see also Drake v. Koss*, 445 F.3d 1038, 1042 (8th Cir. 2006) (stating that "it is not deliberate indifference when an official relies on the recommendations of a trained professional"); *Davis v. Superintendent Somerset SCI*, 597 Fed. App'x 42, 45-46 (3d Cir. 2015) (rejecting claim that non-medical personnel violated a prisoner's constitutional rights by failing to respond to complaints about the sufficiency of medical treatment).

On the contrary, the law shields individuals from liability where they rely on the judgment and discretion of medical practitioners. *See, e.g.*, *Barnes v. Minn. Dept. of Corr.*, No. 11-2534, 2013 WL 2139522 (D. Minn. Apr. 8, 2013), *rep. & rec. adopted* 2013 WL 2139517 (D. Minn. May 15, 2013), *aff'd* 449 Fed. Appx. 594 (8th Cir. 2014) (citations omitted) (holding that "[d]eferring to a medical expert cannot constitute deliberate indifference to a prisoner's serious medical needs"); *Holloway v. Del. Cty. Sheriff*, 700 F.3d 1063, 1075 (7th Cir. 2012) (holding that "nurses may generally defer to instructions given by physicians" unless it is "blind or unthinking . . . [and] it is apparent that the physician's order will likely harm the patient").

II. **PLAINTIFF HAS FAILED TO PLEAD A PLAUSIBLE CLAIM OF DELIBERATE INDIFFERENCE AS TO WARDEN HALVORSON AND SHE IS ENTITLED TO QUALIFIED IMMUNITY.**

Plaintiff alleges that Warden Halvorson violated his Eighth Amendment rights by failing to train and supervise DOC personnel. (Doc. 80 ¶¶120-124.) However, Plaintiff has not pled any facts indicating that Warden Halvorson made any of the decisions about which he complains or that she had knowledge of facts that would have put her on notice that Plaintiff's constitutional rights were being violated. *Pool v. Mo. Dept. of Corr. & Human Res.*, 883 F.2d 640, 645 (8th Cir. 1989) (holding that a plaintiff must show that a superior had actual knowledge that his subordinates caused deprivations of constitutional rights and that superior demonstrated deliberate indifference or "tacit authorization" of the offensive acts); *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir.1990) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights.").

The conclusory allegation that Warden Halvorson failed to "train" medical staff to "investigate, assess, and evaluate" Plaintiff's medical needs is insufficient to maintain a claim. *Reynolds*, 636 F.3d at 981 (granting motion to dismiss where the complaint did not allege "facts suggesting that the risk of serious harm . . . was so obvious to the warden that he acted in a deliberately indifferent manner by failing to train them"). Based on the allegations within the four corners of the Amended Complaint, medical practitioners performed medical assessments of Plaintiff's various complaints related his HCV treatment and shattered calcaneus, including referral to see a physical therapist. Plaintiff has failed to state a plausible claim that Warden Halvorson, as an administrator, was on notice that medical personnel were violating Plaintiff's Eighth Amendment rights. Nor is the mere fact that Halvorson is the warden of MCF-FRB subject her to liability under section 1983. *Reynolds v. Dormire*, 636 F.3d 976, 981 (8th Cir. 2011) (citations omitted) (stating that "[i]t is settled . . . that a warden's general responsibility for supervising the operations of a prison is insufficient to establish personal involvement"); *see also Keeper*, 130 F.3d at 1314. Based on her deference to medical decision makers, Warden Halvorson is entitled to qualified immunity as a matter of law. *See Meloy*, 302 F.3d at 849.

## CONCLUSION

For all of the foregoing reasons, State Defendants Commissioner Tom Roy and Warden Kathryn Halvorson respectfully request that the Court grant their motion to dismiss and dismiss them from this matter with prejudice.

Dated:  December 27, 2018           Respectfully submitted,

                                    OFFICE OF THE ATTORNEY GENERAL
                                    State of Minnesota


                                    s/ Kathryn A. Fodness
                                    KATHRYN A. FODNESS
                                    Assistant Attorney General
                                    Atty. Reg. No. 0392184

                                    445 Minnesota Street, Suite 1100
                                    St. Paul, Minnesota 55101-2128
                                    (651) 757-1348 (Voice)
                                    (651) 282-5832 (Fax)
                                    kathryn.fodness@ag.state.mn.us

                                    ATTORNEY  FOR  STATE  DEFENDANTS
                                    TOM ROY AND KATHRYN HALVORSON