UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| James Irving Dale, | Civil File No. 18-cv-886 (NEB/DTS) |
| Plaintiff, | |
| vs. | **STATE DEFENDANTS DAVID PAULSON, NANETTE LARSON, ANN BLANCHARD, AND NOLA KAROW'S ANSWER TO FIRST AMENDED COMPLAINT** |
| Tom Roy, et al., | |
| Defendants. | |

Defendants David Paulson, M.D., Nanette Larson, Ann Blanchard, and Nola Karow (collectively "State Defendants"), as and for their Answer to Plaintiff's Amended Complaint (Doc. 80) state as follows:

Except as hereinafter expressly admitted, qualified, denied, or otherwise answered, State Defendants deny each and every allegation in the Amended Complaint.

1. State that the allegations in Paragraph 1 constitute Plaintiff's characterization of his own cause of action to which no response is required. To the extent that a response is required, deny that they engaged in "misconduct" or violated Plaintiff's rights.

2. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 2 and therefore deny the same. Admit the allegations in the second sentence of Paragraph 2. As to the remaining allegations in Paragraph 2, admit that Plaintiff was incarcerated at the Minnesota Correctional Facility – St. Cloud ("MCF-SCL") from February 2, 2017, through February 23, 2017, the Minnesota Correctional Facility – Faribault ("MCF-

FRB") from February 23, 2017, through March 27, 2018, and that Plaintiff was reincarcerated at the Minnesota Correctional Facility – Lino Lakes ("MCF-LL") from November 15, 2018 after the revocation of his supervised release, and he was released from the custody of the Minnesota Department of Corrections ("DOC") upon the expiration of his sentence on December 4, 2018.

3. As to the allegations in Paragraph 3, admit that State Defendants are citizens of the United States and reside in the State of Minnesota. State that the remaining allegations in Paragraph 3 constitute legal assertions to which no response is required.

4. As to the allegations in the first sentence of Paragraph 4, admit that Tom Roy is the Commissioner of the DOC as of the date this Answer is filed and served. As to the remaining allegations in Paragraph 4, affirmatively state that the authority of the Commissioner is established by Minnesota Statutes and deny any allegations in Paragraph 4 inconsistent with such statutes. Affirmatively state that Commissioner Roy does not directly supervise most DOC staff, does not personally create or approve DOC policies, and delegates responsibilities to other DOC staff.

5. Admit the allegations in the first sentence of Paragraph 5. Deny the allegations in the second and fourth sentences of Paragraph 5. As to the remaining allegations in Paragraph 5, admit that Dr. Paulson is the author of the DOC HCV treatment guidelines, which have been amended at various times throughout Plaintiff's incarceration. Affirmatively state that Dr. Paulson applies the guidelines and medical judgment to his assessment of each inmate's medical condition.

6. Admit the allegations in the first and second sentences of Paragraph 6. As to the remaining allegations in Paragraph 6, admit that grievance appeals about health care issues are directed to Larson as the Health Services Director and that Larson consults with either Dr. Paulson, the DOC's Nursing Director, or other program manager responsible for the subject of the grievance before responding.

7. Admit the allegations in the first sentence of Paragraph 7. Deny that Warden Kathryn Halvorson manages or oversees health services staff such as Defendants Ann Blanchard or Nola Karow. State that they are without knowledge or information sufficient to form a belief as to the truth of all remaining allegations in Paragraph 7 and therefore deny the same.

8. Admit the allegations in Paragraph 8.

9. As to the allegations in Paragraph 9, deny that Defendant Nola Karow is "the Health Services Administrator." Admit that Defendant Nola Karow has a worksite at MCF-FRB. State that the remaining allegations in Paragraph 9 are so vague as not to be subject to responsive pleading. Affirmatively state that she is the DOC's Associate Director of Nursing and oversees nursing staff.

10. State that the allegations in Paragraph 10 are directed to another party and that no response of State Defendants is required. To the extent that a response is required, admit that the DOC has contracted with Centurion of Minnesota, LLC ("Centurion") and affirmatively states that the contract between the DOC and Centurion speaks for itself.

11. Deny the allegations in Paragraph 11. State that the contract between the DOC and Centurion speaks for itself.

12. As to the allegations in Paragraph 12, admit that Centurion supervises the medical staff employed or contracted by Centurion, including Darin Haugland, P.T., and Jeffrey Felt, M.D. State that they are without knowledge or information sufficient to form a belief as to the identity of the "various doe physician assistants" referenced in the Amended Complaint and therefore are without sufficient knowledge or information to form a belief as to whether Centurion is responsible for their supervision. Deny all remaining allegations in Paragraph 12.

13. State that the allegations in Paragraphs 13 through 16 assert legal conclusions to which no response is required.

14. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 17. Admit that Plaintiff was previously incarcerated with the DOC. As to all remaining allegations in Paragraph 17, state that Plaintiff's medical records speak for themselves and deny any allegations in Paragraph 17 inconsistent with such records.

15. As to the allegations in Paragraph 18, state that Plaintiff's medical records speak for themselves and deny any allegations in Paragraph 18 inconsistent with such records. Affirmatively state that State Defendants did not provide the screening or checkups identified in Paragraph 18.

16. Deny the allegations in Paragraph 19. Affirmatively state that Plaintiff was transferred from MCF-SCL to MCF-FRB on February 23, 2017.

17. As to the allegations in Paragraphs 20 and 21, state that Plaintiff's medical records speak for themselves and deny any allegations in Paragraphs 20 and 21 inconsistent with such records. Affirmatively state that State Defendants did not provide the screening and/or checkups identified in Paragraphs 20 and 21.

18. Deny the allegations in Paragraph 22 as stated.

19. Deny the allegations in Paragraphs 23 and 24. Affirmatively state that Plaintiff's medical records speak for themselves and deny any allegations in Paragraph 24 inconsistent with such records and that Plaintiff's most recent laboratory results showed that he no longer has HCV.

20. As to the allegations in the first sentence of Paragraph 25, admit that the American Association for the Study of the Liver Disease ("AASLD") and the Infectious Disease Society of America ("IDSA") have developed guidance for the treatment of chronic HCV and that such guidance has existed in multiple iterations since it was first published. State that the AASLD/IDSA guidance speaks for itself and deny all remaining allegations in Paragraph 25.

21. Admit the allegations in Paragraph 26.

22. As to the allegations in Paragraph 27, admit that Dr. Paulson and Nanette Larson are aware of the existence of the AASLD/IDSA Guidance. Deny that such Guidance establishes "the standard of care for HCV infected patients." State that the remaining allegations in Paragraph 27 are directed to parties other than answering State Defendants to which no response is required. To the extent that a response is required,

state that they are without sufficient knowledge or information to form a belief as to the truth of all remaining allegations in Paragraph 27 and therefore deny the same.

23. Deny the allegations in Paragraph 28 upon information and belief. State that any documents referenced in Paragraph 28 speak for themselves and deny any allegations inconsistent with such documents.

24. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and therefore deny the same. Affirmatively state that Plaintiff's medical records speak for themselves and deny any allegations in Paragraph 29 inconsistent with such records.

25. Deny the allegations in the first sentence of Paragraph 30 and therefore deny all remaining allegations in Paragraph 30 and the allegations in Paragraph 31. State that Plaintiff's medical records speak for themselves.

26. Deny the allegations in Paragraph 32.

27. As to the allegations in Paragraph 33, deny that Plaintiff had an appointment "with a PA" in late March or early April of 2017 and therefore deny the allegations in Paragraph 33. State that Plaintiff's medical records speak for themselves.

28. As to the allegations in Paragraph 34, admit that Plaintiff submitted four kites, one grievance, and one grievance appeal during his incarceration at MCF-FRB. State that such documents speak for themselves and deny any allegations in Paragraph 34 inconsistent with such documents.

29. State that the documents referenced in Paragraph 35 speak for themselves and deny any allegations inconsistent with such documents.

30. Deny the allegations in the second sentence of Paragraph 36. As to all remaining allegations in Paragraph 36, state that the documents referenced in Paragraph 36 speak for themselves and deny any allegations inconsistent with such documents. Affirmatively state that Defendant Ann Blanchard scheduled Plaintiff for an appointment with a medical provider to discuss his medical concerns. Affirmatively state that Defendant Ann Blanchard is a nurse and cannot order that an inmate be treated with medications for HCV or prescribe such medications.

31. State that the documents referenced in Paragraph 37 speak for themselves and deny any allegations inconsistent with such documents. Affirmatively state that Defendant Nola Karow is a nurse and cannot order that an inmate be treated with medications for HCV or prescribe such medications.

32. State that the allegations in Paragraphs 38 and 39 are directed to Defendant Kathryn Halvorson, who has made a motion to dismiss and that no response is required. To the extent that a response is required, state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 38 and 39 and therefore deny the same.

33. Deny the allegations in Paragraph 40. Affirmatively state that Defendant Commissioner Tom Roy was not the grievance appeal authority for complaints involving medical issues and that any documents speak for themselves.

34. Deny the allegations in the first sentence of Paragraph 41. As to the remaining allegations in Paragraph 41, state that Defendant Nanette Larson's response speaks for itself and deny any allegations inconsistent with such response.

7

35. Deny the allegations in Paragraph 42.

36. As to the allegations in Paragraph 43, state that Plaintiff's medical records and laboratory reports speak for themselves and deny any allegations inconsistent with such records and reports.

37. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 44 and therefore deny the same. As to all remaining allegations in Paragraph 44, state that Plaintiff's medical records speak for themselves and deny any allegations inconsistent with such records.

38. As to the allegations in Paragraph 45, state that the medical records of Plaintiff's intake screening at MCF-SCL speak for themselves and deny any allegations inconsistent with such records. Affirmatively state that State Defendants did not perform the initial medical screening.

39. As to the allegations in Paragraph 46, state that Plaintiff's medical records speak for themselves as to his plantar warts. Deny all remaining allegations in Paragraph 46.

40. State that Plaintiff's medical records speak for themselves and deny any allegations in Paragraphs 47 and 48 inconsistent with such records. Affirmatively state that none of the State Defendants performed the checkup referenced in Paragraphs 47 and 48.

41. As to the allegations in Paragraph 49, admit that Plaintiff signed up for sick call on July 10, 2017.

42. Deny the allegations in Paragraph 50. Affirmatively state that Plaintiff was seen by a physician, not any of the State Defendants, and that the medical records related to such visit speak for themselves.

43. As to the allegations in Paragraph 51, admit that Plaintiff had an appointment with physical therapist Darin Haugland on September 11, 2017. State that the medical records from such appointment speak for themselves.

44. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 52 and therefore deny the same. As to all remaining allegations in Paragraph 52, state that Plaintiff's medical records speak for themselves.

45. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 53 and therefore deny the same. As to all remaining allegations in Paragraph 53, admit that Plaintiff was scheduled for a follow-up appointment on September 19, 2017.

46. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 54 through 56 and therefore deny the same.

47. State that DOC Policy 500.150 and DOC Policy 300.100 speak for themselves and deny any allegations in Paragraph 57 inconsistent with such policies.

48. State that DOC policy speaks for itself and deny any allegations in Paragraph 58 inconsistent with such policy.

49. State that the documents referenced in Paragraphs 59 through 63 speak for themselves and deny any allegations inconsistent with such documents.

50. Deny the allegations in Paragraph 64 upon information and belief.

51. State that the documents referenced in Paragraphs 65 through 67 speak for themselves and deny any allegations inconsistent with such documents.

52. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 68 and therefore deny the same. Deny all remaining allegations in Paragraph 68. Affirmatively state that Nola Karow does not have authority to authorize an inmate to use gate money to purchase medical shoes.

53. As to the allegations in Paragraph 69, admit that Plaintiff had an appointment with physical therapist Darin Haugland on November 7, 2017. State that the medical records from this appointment speak for themselves and deny any allegations inconsistent with such records.

54. As to the allegations in Paragraph 70, admit that Plaintiff's request to use gate money to purchase shoes was approved on December 20, 2017. Deny all remaining allegations in Paragraph 70.

55. Deny the allegations in Paragraph 71.

56. As to the allegations in Paragraph 72, admit that security staff, not State Defendants, confiscated the black shoelaces that came with the shoes in accordance with their usual practice. Deny all remaining allegations in Paragraph 72. Affirmatively state

that Plaintiff was provided with state-issued shoelaces, but that Plaintiff refused to use them.

57. Deny the allegations in Paragraph 73. Affirmatively state that none of the State Defendants were part of creating a plan to treat Plaintiff's plantar warts.

58. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 74 and therefore deny the same. As to the allegations in the third sentence of Paragraph 74, admit that Plaintiff signed up for sick call on September 28, 2017, and told the nurse that he had recurrent plantar warts on the bottom of his feet. Admit the allegations in the fourth sentence of Paragraph 74.

59. As to the allegations in Paragraph 75, state that Plaintiff's medical records speak for themselves and deny any allegations inconsistent with such records.

60. Deny the allegations in Paragraph 76. Affirmatively state that Plaintiff sent a kite on October 9, 2017, five days after his appointment, and that such kite speaks for itself.

61. As to the allegations in Paragraph 77, state that the response to Plaintiff's kite speaks for itself and deny any allegations inconsistent with such response.

62. As to the allegations in Paragraph 78, state that DOC Policy 500.100 speaks for itself and deny any allegations inconsistent with such policy.

63. As to the allegations in Paragraph 79, state that the kite and Defendant Ann Blanchard's response speak for themselves and deny any allegations inconsistent with such kite and response.

64. As to the allegations in Paragraph 80, state that the kite sent to Health Services speaks for itself and deny any allegations inconsistent with such kite.

65. As to the allegations in Paragraph 81, admit that Plaintiff was scheduled for a follow-up appointment with Dr. Felt on November 9, 2017.

66. As to the allegations in Paragraph 82, admit that Plaintiff had a follow-up appointment Dr. Felt. State that they are without knowledge or information sufficient to form a belief as to the truth of all remaining allegations in Paragraph 82 and therefore deny the same. Affirmatively state that Plaintiff's medical records speak for themselves.

67. As to the allegations in Paragraph 83, state that the kite dated November 9, 2017, speaks for itself and deny any allegations inconsistent with such kite. State that they are without knowledge or information sufficient to form a belief as to whether Plaintiff "went back to his unit" after the appointment to write the kite and therefore deny the same.

68. State that the documents referenced in Paragraphs 84 through 87 speak for themselves and deny any allegations inconsistent with such documents.

69. Deny the allegations in Paragraph 88. Affirmatively state that Plaintiff's grievance was returned by Defendant Nola Karow because Plaintiff failed to follow the direction to sign up for sick call, which was available to him and was required by the DOC's policies.

70. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 89 and therefore deny the same. Deny all remaining allegations in Paragraph 89.

71. State that the allegations in Paragraph 90 assert legal conclusions to which no response is required.

72. Deny the allegations in Paragraph 91.

73. Deny the allegations in Paragraph 92. Affirmatively state that Plaintiff successful bid for a position working for MINNCOR Industries working in the Anagram shop.

74. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 93 and therefore deny the same. Deny all remaining allegations in Paragraph 93.

75. As to the allegations in the first sentence of Paragraph 94, state that DOC Division Directive 204.010, which applies to all facilities, and instruction 2014.010FRB, which is applicable to MCF-FRB, speak for themselves as to offenders' ability to bid for new work assignments and deny any allegations inconsistent with such directive or instruction. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 94 and therefore deny the same.

76. State that the kite referenced in Paragraph 95 speaks for itself and deny any allegations inconsistent with such kite.

77. State that the response referenced in the first sentence of Paragraph 96 speaks for itself and deny any allegations inconsistent with such response. As to the allegations in the second sentence of Paragraph 96, admit that Plaintiff had worked in the Anagram shop for more than 90 days as of the date the kite was sent.

78. State that the grievance and response referenced in Paragraph 97 speak for themselves and deny any allegations inconsistent with such grievance and response. Affirmatively state that Defendant Nola Karow advised Plaintiff to sign up for sick call to address complaints of pain and discomfort and that work restrictions can be provided only following proper medical evaluation.

79. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98 and therefore deny the same.

80. Deny the allegations in Paragraph 99.

81. State that the documents referenced in Paragraphs 100 through 103 speak for themselves and deny any allegations inconsistent with such documents. Affirmatively state that job assignments and bids are not handled by Health Services.

82. As to the allegations in the first sentence of Paragraph 104, admit that Defendant Nola Karow responded to Plaintiff's grievance. Deny all remaining allegations in the first sentence of Paragraph 104. As to all remaining allegations in Paragraph 104, deny that Defendant Nola Karow provided any information to Plaintiff that she knew to be wrong. State that Defendant Nola Karow's response to Plaintiff's grievance speaks for itself and deny any allegations in Paragraph 104 inconsistent with such grievance.

83. Deny the allegations in Paragraph 105.

84. Admit the allegations in the first sentence of Paragraph 106. As to all remaining allegations in Paragraph 106, state that Plaintiff's medical records speak for themselves and deny any allegations inconsistent with such records.

85. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107 and therefore deny the same.

86. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108 and therefore deny the same. Affirmatively state that Defendant Nola Karow does not respond to grievances "on behalf of Warden Halvorson and the MCF-FRB administration."

87. As to the reallegation set forth in Paragraph 109, reallege responses to all preceding paragraphs.

88. Deny the allegations in Paragraphs 110 and 111.

89. State that the allegations in Paragraph 112 assert legal conclusions to which no response is required.

90. Deny the allegations in Paragraph 113.

91. As to the reallegation set forth in Paragraph 114, reallage responses to all preceding paragraphs.

92. State that the allegations in Paragraph 115 assert legal conclusions to which no response is required.

93. Deny the allegations in Paragraphs 116 through 118.

94. As to the reallegation set forth in Paragraph 119, reallege responses to all preceding paragraphs.

95. Deny the allegations in Paragraphs 120 through 124, including all subparts.

96. Deny that Plaintiff is entitled to any of the relief identified in the section entitled "PRAYER FOR RELIEF."

## AFFIRMATIVE DEFENSES

97. Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

98. Plaintiff's Section 1983 claims against individual State Defendants in their individual capacities are barred by qualified immunity.

99. State Defendants' conduct was authorized by law, was reasonable and taken in good faith.

100. State Defendants do not have sufficient information and/or knowledge to form a belief as to the character or extent of any alleged injuries or damages sustained by Plaintiff and demand strict proof thereof.

101. If Plaintiff sustained damages, his alleged damages were the result of a natural disease process, preexisting medical condition, preexisting disability, a superseding cause, an act of nature, and/or the act or omission by persons over whom State Defendants do not have control.

102. To the extent that Plaintiff has been damaged as complained of in the Amended Complaint, such damages are the result of Plaintiff's own action or those over whom State Defendants do not have control.

103. Plaintiff knowingly and voluntarily assumed the risk.

104. If Plaintiff sustained damages, he has failed to mitigate his alleged damages.

105. State Defendants reserve the right to assert any other affirmative defenses or objections as they may arise or become available.

WHEREFORE, State Defendants ask this Court to dismiss Plaintiff's Amended Complaint and the causes of action herein, that Plaintiff's claims herein be denied, that judgment be entered in State Defendants' favor with respect to all of Plaintiff's claims and causes of action herein, and that State Defendants be awarded their costs and disbursements herein, including reasonable attorneys' and witness fees.

Dated:  December 27, 2018

OFFICE OF THE ATTORNEY GENERAL
State of Minnesota

<u>s/ Kathryn A. Fodness</u>
KATHRYN A. FODNESS
Assistant Attorney General
Atty. Reg. No. 0392184

445 Minnesota Street, Suite 1100
St. Paul, Minnesota 55101-2128
(651) 757-1348 (Voice)
(651) 282-5832 (Fax)
kathryn.fodness@ag.state.mn.us

ATTORNEY FOR STATE DEFENDANTS DAVID PAULSON, NANETTE LARSON, ANN BLANCHARD, AND NOLA KAROW